## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHARON CHISHOLM and<br>WILLIAM CHISHOLM, | )<br>)<br>) |
|     Plaintiffs, | )<br>) CIVIL ACTION FILE |
| v. | )<br>)  NO. _____ |
| C. R. BARD, INC.,<br>COVIDIEN PLC,<br>COVIDIEN INTERNATIONAL<br>FINANCE, SA,<br>COVIDIEN LLC, and<br>TISSUE SCIENCE LABORATORIES<br>LIMITED, | )<br>)<br>)<br>)<br>)<br>)<br>) |
|     Defendants.<br>_____ | )<br>)<br>) |

## <u>COMPLAINT</u>

COME NOW Sharon and William Chisholm as Plaintiffs herein and hereby file this Complaint, showing the Court as follows:

<u>PARTIES, JURISDICTION AND VENUE</u>

1.

Plaintiffs are citizens of the State of Florida.

2.

Defendant C. R. Bard, Inc. ("Bard") is a New Jersey corporation with its principal place of business in New Jersey. All acts and omissions of Bard as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3.

Defendant Covidien plc ("Covidien plc") is an Irish public limited company with its principal place of business in Massachusetts. All acts and omissions of Covidien plc as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.

Defendant Covidien International Finance, SA ("CIFSA") is a Luxembourg company with its principal place of business in Luxembourg. All acts and omissions of CIFSA as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

5.

Defendant Covidien LLC ("Covidien LLC") is a Delaware limited liability company with its principal place of business in Massachusetts. All acts and omissions of Covidien LLC as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

6.

Defendant Tissue Science Laboratories Limited ("TSL") is a British private limited company with its principal place of business in the United Kingdom. All acts and omissions of TSL as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

7.

Plaintiffs are seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

8.

Bard is registered to transact business in the State of Missouri.

9.

Defendants Covidien plc, Covidien LLC and TSL have purposefully and systematically committed acts and consummated transactions in the State of Missouri from which they have derived and continue to derive substantial revenues, and they have otherwise committed purposeful actions in the State of Missouri which should have led them to reasonably anticipate being haled into court in Missouri.

10.

Covidien plc, Covidien LLC and TSL designed, manufactured, packaged, and labeled the Pelvisoft Acellular Collagen BioMesh ("Product), including that which was implanted in Plaintiff which gives rise to Plaintiffs' claims asserted herein.

11.

Through an exclusive agreement with Covidien plc, Covidien LLC and TSL, Bard marketed, sold and distributed the Product in the United States, including that which was implanted in Plaintiff.

3

12.

Covidien plc, Covidien LLC and TSL have transacted business within the State of Missouri and this Court has personal jurisdiction over Covidien plc, Covidien LLC and TSL under the laws of the State of Missouri.

13.

TSL is a subsidiary of Covidien plc, CIFSA, and Covidien LLC. As more fully set forth below, TSL is the agent and/or alter ego of Covidien plc, CIFSA, and Covidien LLC. This court has personal jurisdiction over Covidien plc, CIFSA, and Covidien LLC as the agents and/or alter egos of TSL.

14.

Separate and distinct from Covidien plc's relationship with TSL, this Court has personal jurisdiction over Covidien plc under the laws of the State of Missouri. Covidien plc routinely and systematically transacts business in Missouri. Covidien plc has committed acts and consummated transactions in the State of Missouri from which it has derived and continues to derive substantial revenues, and it has otherwise committed purposeful actions in the State of Missouri which should have led it to reasonably anticipate being hailed into court in Missouri.

15.

A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the Western District of Missouri.

16.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Western District of Missouri.

4

<u>ALTER EGO/AGENCY/JOINT VENTURE</u>

17.

TSL is a subsidiary of Covidien plc and is wholly-owned by CIFSA.

18.

Covidien plc is a holding company, the purpose of which is to "co-ordinate the administration, finances and activities of any subsidiary companies or associated companies [including TSL] . . . to act as managers and to direct or coordinate the management of other companies or of the business, property and estates of any company . . .," including TSL.

19.

The "Establishment Registration and Device Listing" for TSL filed with the FDA lists Covidien LLC as the "owner/operator" of TSL. Under the FDA's regulations, the "owner/operator" of an "establishment" is "the corporation, subsidiary, affiliated company, partnership, or proprietor directly responsible for the activities of the registering establishment." 21 C.F.R. § 807.3(f).

20.

In the "Establishment Registration and Device Listing" on file with the FDA, TSL is listed as "Covidien, formerly Tissue Science Laboratories, PLC." In the "Establishment Registration and Device Listing" on file with the FDA for the Permacol product, the "Manufacturer" and "Specification Developer" for Permacol is listed as "Covidien, formerly Tissue Science Laboratories, PLC."

21.

The officers and directors of TSL are appointed and can be removed by Covidien plc, and Covidien plc is required to "indemnify . . . any person who is serving or has served at the request of the Company as a director or executive officer of . . . and Company subsidiary . . ." against all legal claims and associated expenses.

22.

For purposes of products liability claims, TSL is covered under a liability insurance policy purchased and provided by Covidien plc.

23.

CIFSA is a holding company established by Covidien plc to own the operating subsidiaries of Covidien plc, including TSL, to issue notes, and to perform treasury operations for Covidien plc.

24.

CIFSA conducts no independent business of its own, and its income is derived entirely from the continuing operations and cash flow through distributions from its subsidiaries, including TSL.

25.

The financial accounts of TSL are consolidated within those of CIFSA.

26.

TSL, Covidien plc, and CIFSA share common officers and directors.

27.

CIFSA and/or Covidien plc own any and all trademarks and registered marks associated with Covidien LLC and TSL.

28.

Covidien plc, CIFSA and Covidien LLC are liable for any acts and/or omissions by or through TSL. TSL is so organized and controlled and its business conducted in such manner as to make it merely an alter ego, instrumentality or business conduit of Covidien plc, CIFSA and Covidien LLC. Because TSL's assets and capital are subject to the ownership and control of Covidien plc, CIFSA and Covidien LLC, TSL is undercapitalized and the failure to disregard its corporate form would result in the inequitable and unjust result that Plaintiffs may be unable to satisfy any judgment ultimately obtained against TSL.

29.

TSL acts as agent for Covidien plc, CIFSA and Covidien LLC.

30.

TSL combines its property and labor with that of Covidien plc, CIFSA and Covidien LLC in a joint undertaking for profit, with rights of mutual control.

FACTUAL BACKGROUND

31.

Plaintiff was implanted with the Product during surgery performed by Dr. Cleveland Randolph at Baptist Medical Center Beaches located in Jacksonville Beach, Florida.

The Product was implanted in Plaintiff to treat her pelvic organ prolapse and other symptoms, the use for which Product was designed, marketed and sold.

33.

As a result of having the Product implanted in her, Plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, will likely undergo corrective surgery, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and has endured impaired physical relations with her husband, Plaintiff William Chisholm.

<u>CAUSES OF ACTION</u>

<u>COUNT I: VICARIOUS LIABILITY</u>

34.

Plaintiffs incorporate by reference paragraphs 1-33 of this Complaint as if fully set forth herein.

35.

Covidien LLC is the "owner/operator" of TSL according to the FDA's Establishment Registration and Device Listing.

36.

As the "owner/operator" of TSL, Covidien LLC is the corporation directly responsible for its activities pursuant to 21 C.F.R. § 807.3(f).

37.

Having assumed direct responsibility for TSL's activities as the "owner/operator" of TSL, Covidien LLC is vicariously liable for TSL's acts and omissions described herein.


## COUNT II: NEGLIGENCE

38.

Plaintiffs incorporate by reference paragraphs 1–37 of this Complaint as if fully set forth herein.

39.

Defendants had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling Product.

40.

Defendants were negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling Product.

41.

As a direct and proximate result of Defendants' negligence, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## COUNT III: STRICT LIABILITY – DESIGN DEFECT

### 42.

Plaintiffs incorporate by reference paragraphs 1-41 of this Complaint as if fully set forth herein.

### 43.

The Product implanted in Plaintiff was not reasonably safe for its intended use and was defective as a matter of law with respect to its design.

### 44.

As a direct and proximate result of Product's aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

### 45.

Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT IV: STRICT LIABILITY - MANUFACTURING DEFECT

### 46.

Plaintiffs incorporate by reference paragraphs 1-45 of this Complaint as if fully set forth herein.

47.

The Product implanted in Plaintiff was not reasonably safe for its intended use and was defective as a matter of law with respect to its manufacture.

48.

As a direct and proximate result of Product's aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

49.

Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT V: STRICT LIABILITY – FAILURE TO WARN

50.

Plaintiffs incorporate by reference paragraphs 1-49 of this Complaint as if fully set forth herein.

51.

The Product implanted in Plaintiff was not reasonably safe for its intended use and was defective as a matter of law due to its lack of appropriate and necessary warnings.

52.

As a direct and proximate result of Product's aforementioned defects, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering,

severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

53.

Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT VI: BREACH OF EXPRESS WARRANTY

54.

Plaintiffs incorporate by reference paragraphs 1-53 of this Complaint as if fully set forth herein.

55.

Defendants made assurances to the general public, hospitals and health care professionals that Product was safe and reasonably fit for its intended purpose.

56.

Plaintiff and/or her health care provider chose Product based upon Defendants' warranties and representations regarding the safety and fitness of Product.

57.

Plaintiff, individually and/or by and through her physician, reasonably relied upon Defendants' express warranties and guarantees that Product was safe, merchantable, and reasonably fit for its intended purpose.

58.

Defendants breached these express warranties because the Product implanted in Plaintiff was unreasonably dangerous and defective and not as Defendants had represented.

59.

Defendants' breaches of their express warranties resulted in the implantation of an unreasonably dangerous and defective product in Plaintiff's body, placing said Plaintiff's health and safety in jeopardy.

60.

As a direct and proximate result of Defendants' breaches of the aforementioned express warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

COUNT VII: BREACH OF IMPLIED WARRANTY

61.

Plaintiffs incorporate by reference paragraphs 1-60 of this Complaint as if fully set forth herein.

62.

Defendants impliedly warranted that Product was merchantable and was fit for the ordinary purpose for which it was intended.

63.

When the Product was implanted in Plaintiff to treat her pelvic organ prolapse and other symptoms, it was being used for the ordinary purpose for which it was intended.

64.

Plaintiff, individually and/or by and through her physician, relied upon Defendants' implied warranties of merchantability in consenting to have Product implanted in her.

65.

Defendants breached these implied warranties of merchantability because the Product implanted in Plaintiff was neither merchantable nor suited for its intended use as warranted.

66.

Defendants' breaches of their implied warranties resulted in the implantation of an unreasonably dangerous and defective product in Plaintiff's body, placing said Plaintiff's health and safety in jeopardy.

67.

As a direct and proximate result of Defendants' breaches of the aforementioned implied warranties, Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## COUNT VIII: LOSS OF CONSORTIUM

### 68.

Plaintiffs incorporate by reference paragraphs 1-67 of this Complaint as if fully set forth herein.

### 69.

As a direct and proximate result of the above-described injuries sustained by Plaintiff, her husband, Plaintiff William Chisholm, has suffered a loss of his wife's consortium, companionship, society, affection, services and support.

## COUNT IX: PUNITIVE DAMAGES

### 70.

Plaintiffs incorporate by reference paragraphs 1-69 of this Complaint as if fully set forth herein.

### 71.

Defendants knew or should have known that Product was defective and presented an unreasonable risk of harm to Plaintiff.

### 72.

Defendants sold Product to Plaintiff's health care providers and other health care providers throughout the United States without doing adequate testing to ensure that the product was reasonably safe for implantation in the female pelvic area.

73.

Defendants sold Product to Plaintiff's health care providers and other health care providers throughout the United States without doing adequate testing to determine whether the product degraded *in vivo*. Product does, in fact, degrade *in vivo*, which causes the severe and debilitating injuries suffered by Plaintiff and numerous other women.

74.

Defendants ignored reports from health care providers throughout the United States of Product's failure to perform as intended, which lead to the severe and debilitating injuries suffered by Plaintiff and numerous other women. Rather than doing adequate testing to rule out Product's design or the process by which the product is manufactured as the cause of these severe and debilitating injuries, Defendants chose instead to instruct their sales forces to downplay Product's risks, and have continued to market and sell the product as safe and effective.

75.

Defendants' conduct as described in this Complaint, for which Plaintiffs are entitled to recover compensatory damages, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by Product, including Plaintiff, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs demand trial by jury, judgment against Defendants C. R. Bard, Inc., Covidien plc, Covidien International Finance, SA, Covidien LLC and Tissue Science Laboratories Limited, jointly and severally, for compensatory and punitive damages in an

amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary

or equitable, to which they are entitled.


PLAINTIFFS DEMAND A TRIAL BY JURY.


Date: October _____, 2011

Respectfully submitted,


_s/Derek H. Potts_____

Derek H. Potts, Esq.              MO #44882
Timothy L. Sifers, Esq.           MO #49386
Patricia L. Campbell, Esq.        MO #60917
Bret A. Clark                     MO #62802
The Potts Law Firm, LLP
908 Broadway, 3rd Floor
Kansas City, MO 64105
Email: dpotts@potts-law.com
Email: tsifers@potts-law.com
Email: pcampbell@potts-law.com
Email: bclark@potts-law.com
(816) 931-2230 Telephone
(816) 931-7030 Facsimile

**Attorneys for Plaintiff**